CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| BREVETTA JORDAN, | ) | |
| Plaintiff, | ) | Civil Action No. 5:07CV00101 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TOWN OF FRONT ROYAL | ) | By: Samuel G. Wilson |
| and | ) | United States District Court Judge |
| DAVID W. REYNAL, | ) | |
| Defendants. | ) | |

Brevetta Jordan brought this suit against her former employer, the Town of Front Royal, and its town manager, David W. Reynal, (collectively "Front Royal") claiming that Front Royal discriminated against her on account of her race and gender, terminated her in retaliation for her complaints of discrimination in violation of her First Amendment rights, and wrongfully terminated her in violation of Virginia public policy. This case is before the court on Front Royal's motion to dismiss Jordan's claim for wrongful discharge in violation of Virginia public policy.[1] The court grants the motion.

I

Jordan alleges that Front Royal hired her in 2001 as its planning director, making her responsible for providing Front Royal guidance on land use planning and zoning applications. Jordan worked as Front Royal's planning director until November 2005, when the Front Royal human resources director informed her that Front Royal was terminating her. Jordan alleges that, in violation of the public policy of Virginia, Front Royal terminated her because she refused "to

---

[1] Jordan brought two claims that Front Royal violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. However, because Front Royal replaced Jordan with an employee several years older than she, Jordan withdrew her claims relating to age discrimination. The court grants Jordan's motion to withdraw those claims without prejudice.

favor selected individuals, whom the town pressured her into giving preferential treatment, in violation of her sworn duty and the legal and statutory requirements." Jordan identifies Virginia Code §§ 15.2-1107 and 15.2-2200 as the source of the policy Front Royal violated. Section 15.2-1107 permits a municipal corporation to provide for its internal organization, conduct and operation, subject to its charter or applicable provisions of law.[2] Section 15.2-2200 is precatory language encouraging local governments to act for the health, safety, and welfare of their citizens.[3]

## II

Jordan argues that when Front Royal terminated her, it violated Virginia public policy

---

[2] Section 15.2-1107 provides in full:
A municipal corporation may provide for the organization, conduct and operation of all departments, offices, boards, commissions and agencies of the municipal corporation, subject to such limitations as may be imposed by its charter or otherwise by law. A municipal corporation may establish, consolidate, abolish or change departments, offices, boards, commissions and agencies of the municipal corporation and prescribe the powers, duties and functions thereof, except where such departments, offices, boards, commissions and agencies or the powers, duties and functions thereof are specifically established or prescribed by its charter or otherwise by law.

[3] Section 15.2-2200 provides in full:
This chapter is intended to encourage localities to improve the public health, safety, convenience and welfare of its citizens and to plan for the future development of communities to the end that transportation systems be carefully planned; that new community centers be developed with adequate highway, utility, health, educational, and recreational facilities; that the need for mineral resources and the needs of agriculture, industry and business be recognized in future growth; that residential areas be provided with healthy surroundings for family life; that agricultural and forestal land be preserved; and that the growth of the community be consonant with the efficient and economical use of public funds.

2

embodied in Virginia Code §§ 15.2-2200 and 15.2-1107. The court finds neither statute to be a source of Virginia public policy excepting Jordan's discharge from the employment-at-will doctrine. Therefore, the Court will dismiss the claim .[4]

Virginia adheres to the at-will employment doctrine which holds that when a contract calls for the rendition of services for an unspecified duration, either party is ordinarily at liberty to terminate the contract at will upon giving reasonable notice. Bowman v. State Bank of Keysville, 331 S.E.2d 797, 798 (Va. 1985) (citing Stonega Coal and Coke Co. v. Louisville and Nashville R.R. Co., 55 S.E. 551, 552 (Va. 1906)). The Supreme Court of Virginia has carved out a narrow exception to the at-will employment doctrine for violations of Virginia public policy embodied in Virginia statutes. Bowman, 331 S.E.2d at 801. It has clarified the exception and emphasized its narrowness, stating that "all statutes of the Commonwealth reflect public policy to some extent . . . [and] a termination in violation of the policy underlying any one of them does not automatically give rise to a common law cause of action for wrongful discharge." City of Va. Beach v. Harris, 523 S.E.2d 239, 245 (Va. 2000). It has found only three circumstances in which claims are sufficient to satisfy the public policy exception: (1) when an employer violates a policy enabling the exercise of the employee's statutorily created right, (2) when an employer violates a public policy that is explicitly expressed in a statute and the employee was a member of the class meant to be protected by the public policy, and (3) when an employer terminates an

---

[4]A complaint attacked by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss does not need detailed factual allegations. However, Rule 12(b)(6) requires more than labels and conclusions to provide grounds for a plaintiff's entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-64 (2007). The plaintiff's allegation must be enough to raise her right to relief above a speculative level on the assumption that all the allegations are true. Id. at 1965.

3

employee for refusing to commit a criminal act. Rowan v. Tractor Supply Co., 559 S.E.2d 709, 711 (Va. 2002).

Jordan argues that Front Royal violated its "statutorily-imposed duty to ensure that [Jordan] properly and legally enforced the town's zoning ordinances to protect the health, safety, and welfare of the town citizens." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 4.) The court examines Jordan's claims under the first and second exceptions to the employment-at-will doctrine. Jordan does not claim that Front Royal terminated her because she refused to commit a criminal act, so the court will not examine the third.

Two cases, Bowman and Lockhart v. Commonwealth Educ. Sys. Corp., 439 S.E.2d 328, 331 (Va. 1994), illustrate the narrowness of public policy exception to Virginia's at-will employment doctrine. In Bowman, the Supreme Court of Virginia recognized a common law claim for wrongful discharge where a discharge interferes with an employee's exercise of a statutorily-granted right. 331 S.E.2d at 797. In Bowman, the employer terminated several employees because they refused to vote shares of stock as their employer directed. Id. Former Virginia Code § 13.1-32 (now codified in § 13.1-662) stated that each outstanding share held by a shareholder "is entitled to one vote on each matter voted on at the shareholders' meeting." Va. Code Ann. §13.1-662(A) (2006). To fully implement the public policy underlying the shareholders' statutory right, employers had to permit their employee, shareholders to vote their shares free from duress or intimidation. Id. Therefore, the Supreme Court of Virginia concluded that terminating the employees for not voting their shares a certain way violated the public policy that shareholders are entitled to freely vote their shares reflected in the right conferred on the shareholder/employees by the statute. Id.

4

In Lockhart, the Supreme Court of Virginia considered the claims of two female at-will employees who alleged that their employer wrongfully discharged them because of their race and sex. 439 S.E.2d at 328. The Supreme Court of Virginia held that the employees had viable claims for wrongful discharge based on Virginia Code § 2.1-715, which provides that "it is the policy of the Commonwealth of Virginia . . . [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, age, marital status, or disability . . . in employment . . . ." 439 S.E.2d at 331. Because the statute explicitly declared Virginia public policy protecting a class of people, and the employee/plaintiffs were members of that class, the court found the plaintiffs' allegations actionable

In Bowman and Lockhart, therefore, the Supreme Court of Virginia cited language either expressly creating a right ("is entitled to") or explicitly stating that a statute articulated a public policy of the Commonwealth ("it is the policy of the Commonwealth of Virginia"). The statutes cited reflected a clear public policy, and each plaintiff was clearly a member of the class of persons that policy was intended to protect.

The statutes Jordan relies on to establish the public policy excepting her discharge from the employment-at-will doctrine, Virginia Code §§ 15.2-1107 and 15.22200, stand in stark contrast to the statutes relied on by the plaintiffs in Bowman and Lockhart. Section 15.2-1107 allows, but does not require, a town to form departments, officers, and boards, stating that a municipality "may provide for" organization and operation of its offices. A plain reading of the passage reveals nothing which creates a statutory right or explicitly states a public policy protecting a class of people. Section 15.2-2200 is a declaration of legislative intent, stating that

5

the chapter to follow is "intended to encourage" improvements in Virginia localities. A plain reading of its language supports no conclusion that it was intended to protect a class of people of which Jordan was a member.

If the court found that broad generalizations in Virginia statutes furthered public policy in the way that Jordan argues, the exception to the at-will employment doctrine would swallow the rule entirely. The Supreme Court of Virginia insists on the narrowness of the public policy exception, and Jordan's claim does not fit any of the circumstances which the Supreme Court of Virginia has recognized as sufficient to satisfy that exception. Because Jordan's discharge does not fit into the narrowly drawn exception, she does not have grounds for the common law wrongful discharge claim.[5] Therefore, even taking all of Jordan's allegations of this claim as true, she has not stated any grounds on which relief can be granted. Accordingly, the court will dismiss Jordan's state law wrongful discharge claim.

### III

In accordance with the above, the Court will grant Front Royal's motion to dismiss Jordan's state law wrongful discharge claim.

**ENTER:** This June 16, 2008

_____
UNITED STATES DISTRICT JUDGE

---

[5] The court does not view the question of whether Jordan's claim fits Virginia's public policy exception as a close one. If the question were close, the court would defer to the state courts for a determination rather than declare Virginia's public policy. See St. Paul Fire and Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995) (stating that federal courts, "whose function it is to ascertain and apply the law of a State as it exists, should not create or expand that State's public policy.")